COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-213-CR

 

 

ERIC STEVEN ROUTT                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY
CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








Appellant Eric Steven Routt was convicted in
cause number CR-2003-06264-B of indecent exposure, a Class B misdemeanor.  See Tex.
Penal Code Ann. ' 21.08 (Vernon 2007).  His sentence of 180 days in the Denton County
Jail and fine of $100 was probated to community supervision for twenty-four
months.  His appeal of the conviction was
affirmed by this court.[2]  

On
February 26, 2007, the State filed a motion to revoke Routt=s probation, alleging
that Routt had failed to A(C) Report to the Denton
County Community Supervision and Corrections Department on the 2nd day of Nov.,
2005, by 4:00 P.M., and before the 20th day of each month thereafter during the
period of this community supervision@ and A(D) Pay to the Community Supervision and
Corrections Department of Denton County, Texas, a supervision fee in the amount
of $50.00 on or before the 20th day of each month during the period of this
Community Supervision.@  Additionally, the State also alleged that
Routt failed to

 

(H) Pay the fine in the
amount of $100 and court costs and fees in the amount of $303.00 to the Denton
County Clerk, in installments of $25.00 per month, beginning on or before the
1st day of December, 2005 and a like payment on the same day of each month
thereafter until paid.

 

. . .
. 

 








(10) Within 10 days
submit to an evaluation for sexual deviancy through an agency approved by [his]
Supervision Officer and provide written proof of completion to [his]
Supervision Officer within 30 days; if treatment is deemed necessary, comply
with the rules of the agency, and pay all costs incurred; continue in treatment
until successfully completed as determined by [his] Supervision Officer.

 

On May 7, 2007, in its First Amended Motion to Revoke, the State also
alleged that Routt had failed to A(E)  Permit the Supervision Officer to visit [him]
at [his] residence or elsewhere, and notify [his] supervision officer of any
change of address or employment within five days after such change.@  

Routt entered a plea of Atrue@ to (D)
and (H) and Anot true@ to (C),
(E), and (10).  A contested hearing on
June 6, 2007, resulted in a determination by the trial court that Routt had
violated terms (C), (D), (E), and (10) of his community supervision.  The trial court sentenced him to 180 days=
confinement in the Denton County Jail. 
This appeal resulted.  

II.  Anders Brief

Routt=s
counsel has filed an Anders brief, seeking to withdraw as counsel.  See Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967).  In the
brief, counsel asserts that, in his professional opinion, an appeal would be
frivolous and presents a professional evaluation of the record explaining why
no arguable grounds for relief exist.  See
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  Routt has been afforded an opportunity to
file a pro se brief on his behalf and has been provided with his counsel=s Anders
brief and notification by this court.  No
brief from Routt has been forthcoming.  








This court must conduct an independent evaluation
of the record to determine if any arguable ground may be raised on Routt=s
behalf.  Id. at 511; Mays v.
State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  This court is then
required to determine whether counsel is correct in determining that the appeal
is frivolous.  If so, we may then grant
the motion to withdraw.  See  Penson v. Ohio, 488 U.S. 75, 83B84, 109
S. Ct. 346, 351 (1998); Stafford, 813 S.W.2d at 511; Mays, 904
S.W.2d at 923.  

III. 
Standard of Review

We review an order revoking community supervision
under an abuse of discretion standard.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State,
645 S.W.2d 303, 305 (Tex. Crim. App. 1983). 
In a revocation proceeding, the State must prove by a preponderance of
the evidence that the defendant violated the terms and conditions of community
supervision.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993). 
The trial court is the sole judge of the credibility of the witnesses
and the weight to be given their testimony, and we review the evidence in the
light most favorable to the trial court=s
ruling.  Cardona, 665 S.W.2d at
493.  If the State fails to meet its
burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Id. at 493B94.

 








IV.  Discussion

        Our
review of the record reveals no jurisdictional defects.  The indictment conferred jurisdiction on the
trial court and provided Routt with sufficient notice of the charges against
him.  See Tex. Const. art. V, ' 12(b); Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005); Duron v. State, 956 S.W.2d 547, 550_51 (Tex. Crim. App. 1997).  The motion to revoke Routt=s
community supervision provided Routt with sufficient notice.  See Tex.
Const. art. V, ' 12; Duron, 956 S.W.2d at
550B51.  

Routt was represented by counsel at the hearing
concerning his original plea of guilty to the charge and at the hearing
involving revocation of his community supervision.  There is no evidence in the record indicating
that Routt=s counsel did not provide
constitutionally required effective assistance of counsel.  See Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984). 
Further, the sentence imposed was within the range provided by law for
the underlying offense.  See Tex. Penal Code Ann. ' 21.08
(indecent exposure is a Class B misdemeanor); id. ' 12.22(2)
(AAn
individual adjudged guilty of a Class B misdemeanor shall be punished by
confinement in jail for a term not to exceed 180 days.@).  Additionally, Routt=s
sentence did not exceed the terms of community supervision previously ordered.








The testimonial evidence adduced at the hearing
through Indira Polanco, one of Routt=s
probation officers; through Don Christian, an assistant director with Denton
County Adult Probation; and through Routt himself demonstrated that Routt had
failed to submit to any evaluation for sexual deviancy, had failed to report to
the Denton County Community Supervision office in November 2006 and February
2007, had not timely paid fines and court costs (Routt only paid  after the Motion to Revoke had been filed),
and had never, even during the contested case hearing, revealed his home
address as required.[3]  The evidence presented was legally sufficient
for the State to meet the required burden of proof.        

 

 

 

 

 

 

 








V. 
Conclusion

Because our independent review of the record
reveals no reversible error, we agree with the determination of Routt=s
counsel that this appeal is frivolous. 
Accordingly, we grant counsel=s motion
to withdraw and we affirm the trial court=s
judgment.

PER
CURIAM

 

 

PANEL F:    MCCOY,
HOLMAN, and GARDNER, JJ.

 

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: July 31, 2008

 

 











[1]See Tex.
R. App. P.
47.4.





[2]Routt v. State, No. 02-04-00304-CR,
2005 WL 1838850 (Tex. App.CFort Worth 2005, no pet.).





[3]At the conclusion of the
hearing, the trial court noted that it was particularly offended by Routt=s failure to report on
several occasions and by his failure to comply with the sexual deviancy
evaluation.